IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CAGER A. MALEEAH,  )
                    )
    Plaintiff,      )
                    )
v.                  )    CASE NO. CV418-096
                    )
DR. OLATUNJI AWE, DR. BROWN,   )
P.A. DARCY, NURSE GRANT, NURSE )
TYLER, NURSE ANDERSON, and     )
NURSE GREEN,                   )
                    )
    Defendants.     )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 14), to which objections have been filed (Doc. 21). In the report and recommendation, the Magistrate Judge found that Plaintiff properly alleged claims against Defendants Darcy, Terry, Tyler, Green, and Anderson. (Doc. 14.) The Magistrate Judge, however, recommended that Plaintiff's claims against Defendants Awe and Brown be dismissed. (Id.) The Magistrate Judge concluded that Plaintiff's Eighth Amendment claims against Defendants Awe and Brown failed because Plaintiff failed to provide any factual basis to support a finding that either Defendant was directly involved in providing Plaintiff's medical care. After a careful review of the record and Plaintiff's objections, this Court can only partially agree.

As a starting point, this Court fully agrees with the reasoning of the Magistrate Judge's conclusion that Defendants Darcy, Terry, Tyler, Green, and Anderson should all be served with a copy of Plaintiff's complaint. In addition, the Court agrees that Plaintiff failed to offer a basis by which Defendant Awe could be liable in this action. On this point, however, this Court pauses to address Plaintiff's objection to the dismissal of Defendant Awe.

In his objections, Plaintiff contends that Defendant Awe should be held liable in this action because Defendant Awe supervised the medical staff that denied Plaintiff adequate medical care. (Doc. 21 at 3 (arguing that "where a team fails, their leader has failed too").) Claims brought pursuant to 42 U.S.C. § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. <u>Monell v. New York City Dept. of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). Instead, supervisors can only be held liable under section 1983 when there are facts to establish that the defendant directly participated in the alleged constitutional deprivation or that there is a causal connection between the acts or omissions and the alleged constitutional deprivation. <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003). This connection may arise "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a

2

supervisor's custom or policy result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. at 1360 (internal quotation marks and citations omitted).

In this case, Plaintiff has simply failed to allege any custom or policy implemented by Defendant Awe that may have caused Plaintiff's injury in this case. Moreover, Plaintiff has not alleged any facts to suggest that Defendant Awe directed the actions of the other Defendants in this case or that there was a widespread pattern of abuse that would have put Defendant Awe on notice of the poor medical attention that Plaintiff received. The suggestion that Defendant Awe should be held liable because he had some vague supervisory authority over other Defendants that denied Plaintiff adequate medical care is a conclusory allegation that is insufficient to support a claim under section 1983 against Defendant Awe. At best, Plaintiff has established that others failed to notify Defendant Awe of his apparent medical condition, not that Defendant Awe had any role in Plaintiff's medical care. As a result, this Court agrees with the Magistrate Judge that Defendant Awe should be dismissed from this action.

With respect to Defendant Brown, however, this Court disagrees with the Magistrate Judge's conclusion that Defendant

Brown should be dismissed from this action. In the report and recommendation, the Magistrate Judge recommended the dismissal of Defendant Brown because Plaintiff failed to plainly allege that Defendant Brown had any role in Plaintiff's care. In Plaintiff's objections, however, Plaintiff clarifies that Defendant Brown did have a role in denying Plaintiff's access to medical care. Plaintiff contends that he had an appointment with Defendant Brown and that Defendant Brown informed Plaintiff that "there was nothing they could do to help" Plaintiff. (Doc. 21 at 3.) Because Plaintiff has provided some factual basis to show that Defendant Brown participated in his care, this Court finds that Defendant Brown should not be dismissed from this action. Rather, Defendant Brown will remain in this action and should be served with Plaintiff's complaint.

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation. First, the Court agrees that Defendant Awe should be **DISMISSED** from this action. Moreover, the Court agrees that Plaintiff's claims against Defendants Brown, Darcy, Terry, Tyler, Green, and Anderson must remain in this action. With respect to Defendant Brown, however, the Court disagrees with the Magistrate Judge and finds that Plaintiff's claims against Defendant Brown should not be dismissed from this action. Accordingly, the Clerk is **DIRECTED** to forward a

copy of this Order, along with Plaintiff's complaint, to the Marshal for service to Defendant Brown.[1]

SO ORDERED this 15th day of January 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendants Darcy, Terry, Tyler, Green, and Anderson have already been served in this action. Accordingly, only Defendant Brown must be served with this Order and a copy of Plaintiff's complaint.