UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CAGER A. MALEEAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-096 |
| | ) | |
| PA DARCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

In this denial of medical care case, plaintiff complains that defendants' acts and omissions caused him harm, including hospitalization for a life-threatening infection, the amputation of a toe and excision of infected bones and tissue in his foot, and ongoing balance problems, nerve pain, and discomfort, which may never fade. *See* docs. 1 & 5; *see* doc. 14 (authorizing service of the Complaint on P.A. Darcy and Nurses Grant, Tyler, Green, and Anderson). Defendant Nurse Anderson, he contends, refused to give him his prescribed medication on two occasions after he returned from the hospital to the prison. Doc. 5 at 22; *see* doc. 1-2 at 16 (copy of August 2016 grievance). He thus seeks an Order enjoining defendants from "interfering with, and denying [his] medical procedures/treatment" and ordering defendants to "facilitate

immediately, the process for plaintiff to receive necessary medical treatment." Doc. 5 at 1-2. Defendants oppose. Doc. 28.

To be entitled to a temporary restraining order or preliminary injunction,[1] a plaintiff must demonstrate: (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). An "injunction is an extraordinary and drastic remedy not to be granted unless the movant

---

[1] If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." *Newman v. State of Ala.*, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. *See Procunier v. Martinez*, 416 U.S. 396, 404-05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." *Newman*, 683 F.2d at 1320-21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

clearly established the 'burden of persuasion' as to the four requisites." *Horton v. City of Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001).

Here, as defendants note, plaintiff has attached documents showing that his last grievance alleging less-than fully adequate care was lodged nearly a year before filing this action. Doc. 1-2 at 23-25, cited in doc. 28 at 4. Indeed, his condition has stabilized since the infection ravaged him in May 2016. *See* docs. 1 & 5. That his condition has not improved to his satisfaction, or to the point he would be at but-for defendants' alleged (in)actions, doc. 5 at 23-24, does not manufacture any threat of serious or imminent harm. Aside from his worries that a repeat of the events of the Complaint — the failures that led to his infection lingering, untreated, until it reached life-threatening magnitude — will occur absent Court intervention, plaintiff does not allege that defendants have continued to deny or offered less than adequate medical care. *See id.* In other words, Maleeah shows no *present* and substantial risk of imminent harm which compels enjoinment. *Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville. Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (to satisfy the irreparable injury requirement, a plaintiff must show the threat of injury is "neither remote nor speculative, but actual

3

and imminent.").

Because plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief, his motion should be **DENIED** without prejudice to refiling, should conditions warranting such relief later arise. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

4

App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   22nd   day of January, 2019.

_____
C̲h̲r̲i̲s̲t̲o̲p̲h̲e̲r̲ L. R̲a̲y̲
U̲n̲i̲t̲e̲d̲ S̲t̲a̲t̲e̲s̲ M̲a̲g̲i̲s̲t̲r̲a̲t̲e̲ J̲u̲d̲g̲e̲
S̲o̲u̲t̲h̲e̲r̲n̲ D̲i̲s̲t̲r̲i̲c̲t̲ o̲f̲ G̲e̲o̲r̲g̲i̲a̲