UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CAGER A. MALEEAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-096 |
| | ) | |
| PA DARCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Defendant Cynthia Rivers, Coastal State Prison's grievance coordinator and chief counselor, seeks to stay discovery and dismiss Maleeah's claim that she has failed to process his prison grievances regarding the allegedly inadequate medical care her co-defendants provided.  Docs. 57 & 61; *see* doc. 41 (Amended Complaint).  Rivers argues that while plaintiff alleges she has violated his First Amendment rights, Maleeah has failed to allege a First Amendment retaliation claim.  Doc. 57-1 at 1.  Plaintiff opposes.  Doc. 68.

Rivers argues, at bottom, that her denial or failure to act upon

plaintiff's grievances is not enough to impose 42 U.S.C. § 1983 liability. *See, e.g., Clark v. Bandy*, 2011 WL 1346975 at *4 (N.D. Ga. Apr. 8, 2011) ("A prison official's mere participation in a grievance procedure — for example, by denying a prisoner's grievance — is not actionable under § 1983.") (cites omitted). She's not wrong, but Maleeah alleged more: that Rivers affirmatively "sen[t] his grievances straight to the circular file," thereby "rendering the grievance procedure a sham." Doc. 43 at 2; *see* doc. 41 at 4 (alleging Rivers was "stopping all [his] grievances" and that the Warden said they had neither been received nor processed because of her actions). That allegation of willful conduct to bury a grievance — thus precluding plaintiff from utilizing the grievance procedure at all — is different than mere denial of a grievance.

That said, Maleeah's allegations still do not rise to constitutional magnitude. *See* doc. 68 at 7 (arguing that Rivers has infringed on his liberty interest in petitioning the government). After all, a "prison grievance procedure does not provide an inmate with a constitutionally protected interest." *Thomas v. Poveda*, 518 F. App'x 614, 618 (11th Cir. 2013); *see also Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive

2

outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.") (quotes omitted); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"). Meaning, even if Rivers blocked Maleeah's ability to utilize CSP's grievance procedure, he "has no constitutionally-protected liberty interest in access to that procedure." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).

Such claims arise instead under the First Amendment, which forbids prison officials from retaliating against prisoners for exercising the right of free speech. *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989). "To state a [F]irst [A]mendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." *Id*. at 1242. Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." *Id*. A prisoner can establish retaliation by demonstrating that the prison official's actions

were "the result of his having filed a grievance concerning the conditions of his imprisonment." *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989). Here, as Rivers points out, Maleeah has failed to allege that her (in)action was taken in retaliation for filing his grievances. Doc. 57-1 at 2 (citing *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003)); *see generally* doc. 41. He also maintains access to the courts, underscoring her point that his constitutional right to access the courts is unimpeded. *See, e.g.*, docs. 62, 64-67 & 68 (signature-filed since Rivers' motion to dismiss was served).

Maleeah, in short, has failed to state a First Amendment claim against Rivers. Rivers' motion to dismiss that claim (doc. 57), which is unopposed, should be **GRANTED**. *See* S.D. Ga. L. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Her motion to stay proceedings pending resolution of her motion to dismiss (doc. 61), which is also unopposed, is **GRANTED**. Maleeah's request to amend the Complaint to set forth additional allegations contending that, by ignoring and burying his grievances, Rivers has actively participated in the denial of adequate medical care so as to offend the Eighth Amendment (*see* doc. 68 at 4-5, 9-

4

10) is **GRANTED**. Plaintiff shall file his Second Amended Complaint within 30 days of service of this Order. The failure to timely file a Second Amended Complaint will be construed as an abandonment of the proposed amendment.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 24th day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA