# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CAGER A. MALEEAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 418-096-WTM-JEG |
| DR. DERONDA BROWN, JUANITA ) | |
| GREEN, HELEN TYLER, TONYE ) | |
| ANDERSON, HANNA DORCE (f/k/a ) | |
| P.A. DARCY) AND DEBORAH ) | |
| IVEY-TERRY, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DERONDA BROWN, MD'S BRIEF IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Deronda Brown, MD, and hereby files her Brief in Support of her Motion for Summary Judgment, respectfully showing the Court as follows:

## PRELIMINARY STATEMENT

The Plaintiff filed his Complaint seeking injunctive relief and monetary damages for alleged violations of 42 U.S.C.R. §1983 on April 27, 2018.  (Doc. 1). The Plaintiff alleged that Dr. Brown, along with other medical practitioners and personnel from Coastal State Prison exhibited "deliberate indifference" to his "serious medical needs."  (Id. at ¶ 31).  This Court found that there was a factual basis to allow the Plaintiff to serve Defendant Dr. Brown with the Complaint on

January 15, 2019. (Doc. 31). On February 12, 2019, the Court denied Plaintiff's requested injunctive relief as sought in his Complaint. (Doc. 37). Dr. Brown was served with the Complaint and timely filed her Answer on April 19, 2019 disputing the Plaintiff's claims that she exhibited "deliberate indifference" to Plaintiff's medical needs, and also denying any participation in the medical care that lead to the amputation of his toe. (Doc. 50). Dr. Brown files this Motion and Brief seeking summary judgment on Plaintiff's claims against her as the Plaintiff cannot show that any action or inaction by Dr. Brown violated his Eighth Amendment rights. Further, the Plaintiff cannot show that any action or inaction by Dr. Brown caused the harm to which he complains. As such, Dr. Brown is entitled to judgment as a matter of law.

## **FACTUAL BACKGROUND**

Plaintiff Cager Maleeah pled guilty to felony child molestation in the Superior Court of Columbia County, Georgia on December 2, 2103. (Exhibit 1 – Plea of Guilty). In part, the Plaintiff was sentenced to ten years incarceration to follow with five-year probation period. (Exhibit 2 – Sentence). The Plaintiff is currently confined at Coastal State Prison and his claims in this case stem out of medical care from this facility. (Doc. 1).

The Plaintiff's left foot infection began on or about May 22, 2016. (Doc. 1-¶4). The Plaintiff sought treatment for the foot infection at various times from

May 22, 2016 to May 26, 2016 at Coastal State Prison.  (Id. at ¶7-9, 11, 12, 15, 16, &18).  On May 26, 2016, the Plaintiff was transferred from Coastal State Prison to Memorial Hospital in Savannah, Georgia.  (Id. at ¶18,20).  While at Memorial Hospital, the Plaintiff was treated for the left foot infection with wound debridement, antibiotics and amputation of his fourth toe.  (Id. at ¶22,23).  The Plaintiff remained at Memorial Hospital for one week and then returned to Coastal State Prison.  (Id. at ¶26).  Once he returned to Coastal State Prison in June 2016, the Plaintiff remained in the infirmary for two months.  (Id.).  During this time, he was on a wound vac pump until his wound closed.  (Id.).

Defendant Dr. Deronda Brown did not work with or for Coastal State Prison during the time period (May 22-26, 2016) when the Plaintiff initially presented to the infirmary for his infected foot.  (Deposition[1] of Cager Maleeah p. 98-99).  The first time the Plaintiff met Dr. Brown was when he was in the infirmary recovering after surgery.  (Id. at p. 99-100).  This first contact with Dr. Brown was in July 2016 after the Plaintiff's surgery and subsequent to the treatment of his infection. (Id.).  During this first interaction, Dr. Brown examined the Plaintiff's foot to ensure it was progressing and healing appropriately.  (Id. at 101-102).  The Plaintiff did not ask her for any additional medical care.  (Id. at 103).  The Plaintiff

---

[1] The Deposition of Plaintiff Cager Maleeah is attached to this Brief in Support of Summary Judgment as Exhibit 3.

did not require any additional medical care from Dr. Brown on this day. (Id. at 104).

The Plaintiff's allegations that Dr. Brown was deliberately indifferent to his serious medical needs stems from a medical visit on November 3, 2016. (Doc. 1 - Ex. 22). The Plaintiff presented to Dr. Brown in order to refill his medications and to discuss treatment options for the nerve pain in his left foot. (Deposition of Maleeah p. 105). The Plaintiff had already seen Dr. Awe for the nerve pain in his left foot, and Dr. Awe told him there were no remaining treatment options for him. (Id. at p. 109).

At the November 3 visit, Dr. Brown listened to the Plaintiff about his pain complaints and medical history. (Id. at p. 106-107). The Plaintiff asked her if he could have either another toe or his left foot amputated in order to resolve the nerve pain. (Id. at p. 106). Dr. Brown explained to him this was not a treatment option, and that even with another surgery, the nerve damage will not improve and could get worse. (Id. at p. 107). Dr. Brown prescribed medicine, Neurontin and ibuprofen, for the Plaintiff's nerve pain. (Id.). She also continued his prescription for lisinopril for high blood pressure. (Id. at p. 108). The Plaintiff did not ask her for any other treatment or medications, nor did he ask for a referral to another physician. (Id. at p. 117).

The Plaintiff concedes that his nerve damage is <u>solely</u> related to the foot infection he had from May 22, 2016 to May 26, 2016. (Deposition of Maleeah p. 109). He also agrees that his complaints of pain, balance problems and his sequellae from his amputation are unrelated to anything that Dr. Brown did or did not do. (Id. at 109-110). Further, the Plaintiff testified that "he did not really have any issues with Dr. Brown…" and that "he didn't even want her to be in the lawsuit." (Id. at p. 110). Rather, it was because he felt like she was a "puppet" for Dr. Awe[2] that he included her. (Id.).

## ARGUMENT AND CITATION TO AUTHORITY

### I.   STANDARD FOR SUMMARY JUDGMENT.

The Federal Rules of Civil Procedure provide that summary judgment is warranted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If the nonmoving party has the burden of proof at trial, then the moving party has no burden to negate the opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In other words, the moving party does not have the burden to produce any evidence showing the absence of a genuine issue of material fact. *Id.* at 325. "Instead, . . . the burden on the moving party may be discharged by 'showing,' that

---

[2] Dr. Awe is one of the Plaintiff's treating physicians at Coastal State Prison. (Doc. 1).

is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party satisfies this initial burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings . . . [T]he adverse party's response must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added); *see also Welch v. General Motors Corp.,* 949 F. Supp. 843, 844 (N.D. Ga. 1996). A "genuine issue" of material fact exists only when the nonmoving party makes a showing sufficient to establish an essential element to that party's case, and on which that party would bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could reasonably find for plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Plaintiff cannot meet his burden in this case, and his claim for damages as a result of "deliberate indifference" to a serious medical need should not be permitted as a matter of law.

## II. DEFENDANT BROWN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS OF DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A plaintiff

seeking to show that a prison official acted with deliberate indifference to his serious medical need must satisfy both a subjective and objective test. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). First, a plaintiff must set forth evidence of an objectively serious medical need. *Id*. Second, a plaintiff must prove that the prison official acted with "deliberate indifference" to that serious medical need. *Id*. In this case, the Plaintiff fails both the subjective and objective prongs of the *Farrow* test.

A. The Plaintiff cannot show he had a serious medical need on November 3, 2016.

The Plaintiff cannot show that on November 3, 2016 that he was suffering from a serious medical need at the time that Dr. Brown treated him. A serious medical need is considered to be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F. Supp. 1235, 1243 (11th Cir. 2003) quoting *Taylor v. Adams*, 221 F. 3d 1254, 1258 (11th Cir. 2000). In either of these situations, the medical need must be one that if, left unattended, poses a substantial risk of harm. *Id*.

The Plaintiff came to see Dr. Brown for nerve pain as a second opinion. The Plaintiff was not in any acute or immediate distress. (Affidavit of Dr. Brown – Exhibit 4). His request was that she amputate his foot or other toe to relieve his phantom limb pain. (Deposition of Maleeah p. 110). By the Plaintiff's admission,

Dr. Brown listened to his problems, reviewed his medical history and current complaints and considered his overall condition. (Id. at 106-107). Dr. Brown examined the Plaintiff's foot and noted that there were no signs of active infection, swelling, redness and indicated that his scar had healed appropriately. (Ex. 4). The Plaintiff's vital signs were normal and he was not any acute distress. (Id.). There is simply no evidence that the Plaintiff's phantom limb complaints were a serious medical need. Rather, the evidence is that the Plaintiff was in a non-emergent condition that did not require any further medical treatment. (Ex. 4).

Likewise, there is no evidence that any failure to act on the Plaintiff's complaints by Dr. Brown posed a substantial risk of harm to the Plaintiff. Dr. Brown actually provided medical treatment, albeit not the requested amputation, but rather two prescriptions to address the Plaintiff's physical complaints. (Deposition of Maleeah at 107). There was no other available treatment available for the Plaintiff's chronic, permanent condition. (Ex. 4). Dr. Brown has shown that the Plaintiff's complaints on November 3 did not present any serious threat to his future health. (Id.). The Plaintiff has alleged no bodily harm as a result of Dr. Brown's actions or inactions on November 3. (Doc. 1). In fact, the Plaintiff readily admits that he suffered no injury as a result of Dr. Brown's care. (Deposition of Maleeah p. 109-110). The Plaintiff also concedes that none of his

pain complaints, balance problems and mobility issues are related to Dr. Brown's treatment (or alleged lack thereof). (Id. at p. 109).

There are two tests for determining whether a medical need is serious and the Plaintiff cannot pass either of them. *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008). He has presented no evidence that he had a diagnosed condition mandating different treatment than he received. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Nor can he show a he had a condition that is so obvious that a lay person would see the need for different medical treatment than he received. *Danley*, 540 F.3d at 1301-11. Finally, the Plaintiff cannot show that any delay of treatment exacerbated his medical need or caused additional harm to him. *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019). Accordingly, the Plaintiff's claims against Dr. Brown fail as a matter of law.

B. The Plaintiff cannot show that Dr. Brown acted with deliberate indifference on November 3, 2016.

The Plaintiff also fails the second prong of the *Farrow* test as he cannot prove that Dr. Brown acted with deliberate indifference. In order to show deliberate indifference, the plaintiff must show that a prison official had a "sufficiently culpable state of mind" when the alleged deprivation of care occurred. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In *Farmer*, the Supreme Court explained that,

> "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference… But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."

*Id*. at 837-8.

Deliberate indifference must be something more than is something more than accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). Liability can only be imposed if the plaintiff can prove that prison official response was poor enough to constitute "an unnecessary and wanton infliction of pain." *Id*.

Thus, the Plaintiff has to prove that Dr. Brown had actual knowledge of an excessive risk to his health and safety <u>and</u> disregarded that risk in her treatment or her alleged failure to treat his condition. See *Campbell v. Sikes*, 169 F. 3d 1353, 1370 (11th Cir. 1999). Dr. Brown has testified that the Plaintiff's phantom limb pain did not pose a threat to his future health and safety. (Ex. 4). The Plaintiff has not shown that Dr. Brown knew of a threat to his health and safety and purposefully disregarded that risk in her care and treatment of him. Further, the Plaintiff admits that he did not suffer from any harm or pain or problems as a result

of Dr. Brown's treatment and medical decision making. (Deposition of Maleeah p. 110).

Dr. Brown investigated the Plaintiff's pain complaints by talking to and examining him, by reviewing his medical chart, and contemplating the available treatment options for his phantom limb pain. (Ex. 4 and Deposition of Maleeah p. 106-107). Dr. Brown then took the time to explain phantom limb pain to the Plaintiff and attempted to help him understand the permanency of his condition. (Id.). Finally, after all of this, Dr. Brown appropriately prescribed medication that was most effective in treating the condition for which the Plaintiff complained. (Deposition of Maleeah p. 112). These actions are the opposite of deliberate indifference. Rather, they show a conscientious healthcare provider who did everything medically appropriate for the Plaintiff's condition.

The Plaintiff cannot show that Dr. Brown was deliberately indifferent to his medical condition. There is no evidence that Dr. Brown refused to provide him care or that Dr. Brown delayed any treatment options for non- medical reasons. *Benter v. Peck*, 825 F.Supp. 1411 (S.D. Iowa 1193). There is no evidence that Dr. Brown a subjective intent to punish the Plaintiff in her treatment of him; meaning the Plaintiff cannot show that Dr. Brown knew of a serious harm that the Plaintiff faced and disregarded that risk of harm. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004). As such, Dr. Brown is entitled to judgment as a matter of law.

of Dr. Brown's treatment and medical decision making. (Deposition of Maleeah p. 110).

Dr. Brown investigated the Plaintiff's pain complaints by talking to and examining him, by reviewing his medical chart, and contemplating the available treatment options for his phantom limb pain. (Ex. 4 and Deposition of Maleeah p. 106-107). Dr. Brown then took the time to explain phantom limb pain to the Plaintiff and attempted to help him understand the permanency of his condition. (Id.). Finally, after all of this, Dr. Brown appropriately prescribed medication that was most effective in treating the condition for which the Plaintiff complained. (Deposition of Maleeah p. 112). These actions are the opposite of deliberate indifference. Rather, they show a conscientious healthcare provider who did everything medically appropriate for the Plaintiff's condition.

The Plaintiff cannot show that Dr. Brown was deliberately indifferent to his medical condition. There is no evidence that Dr. Brown refused to provide him care or that Dr. Brown delayed any treatment options for non- medical reasons. *Benter v. Peck*, 825 F.Supp. 1411 (S.D. Iowa 1193). There is no evidence that Dr. Brown a subjective intent to punish the Plaintiff in her treatment of him; meaning the Plaintiff cannot show that Dr. Brown knew of a serious harm that the Plaintiff faced and disregarded that risk of harm. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004). As such, Dr. Brown is entitled to judgment as a matter of law.

C. <u>The Plaintiff cannot prove any action or inaction by Dr. Brown caused him harm</u>.

The prisoner has the burden of proving causation. An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. *Hill v. Dekalb Regional Youth Detentional Center*, 40 F.3d 1176, 1188 (11th Cir. 1994). Thus, the prisoner must show that he had a serious medical need and that any delay or lack of treatment caused him harm. A plaintiff "must show more than negligence, more even than gross negligence and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Additionally, when the complaint involves a treatment of a prisoner's sophisticated medical condition, expert testimony is required to show proof of causation. *Alberson v. Norris*, 458 F.3d 762 (8th Cir. 2006).

Phantom limb pain is a sophisticated medical condition for which the treatment of is beyond the scope of a lay person. Therefore, expert medical testimony is required to prove causation. *Alberson* at 766. Without any expert opinion to support the Plaintiff's claims that Dr. Brown should have offered alternative or other treatment, his claim fails as matter of law.

The Plaintiff has provided no medical evidence or testimony that shows that he suffered any ill effects as a result of Dr. Brown's care on November 3, 2016. In

fact, the Plaintiff <u>admits</u> that no action or inaction by Dr. Brown resulted in harm to him. (Deposition of Maleeah p. 109-110). Dr. Brown has testified that her medical treatment did not cause any harm or detriment to the Plaintiff. (Ex. 4). The Plaintiff does not have any expert testimony to rebut Dr. Brown's medical opinion or to opine that Dr. Brown did anything to cause harm to the Plaintiff.

Given that there is no causal connection to the injuries and damages complained of by the Plaintiff to the medical treatment given by Dr. Brown in this case, Dr. Brown is entitled to summary judgment on all of Plaintiff's claims against her.

## **CONCLUSION**

The Plaintiff cannot put forth any evidence to show that on November 3, 2016, he had serious medical need, that if not treated, would pose a substantial risk of harm to his health. The Plaintiff cannot put forth any evidence to show that Dr. Brown acted with deliberate indifference to his medical condition such that it constitutes cruel and unusual punishment under the Eighth Amendment. Finally, none of the injuries complained in this case of by the Plaintiff were caused by Dr. Brown. The Plaintiff's claims against Dr. Brown for violations of 42 U.S.C.R. §1983 fail on the objective test, the subjective test and the causation requirement.

Based on the foregoing, Defendant respectfully requests that this Court grant its Motion for Summary Judgment and dismiss Plaintiff's claims against her in its entirety.

This the 30th day of August, 2019.

HUFF, POWELL & BAILEY, LLC

*/s/ B. Nicole Smith*

_____

B. Nicole Smith
Georgia Bar No. 714695

*Counsel for Defendant Deronda Brown, M.D.*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
nsmith@huffpowellbailey.com

## **FONT CERTIFICATE**

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

                                            HUFF, POWELL & BAILEY, LLC

                                            */s/ B. Nicole Smith*
                                            _____
                                            B. Nicole Smith
                                            Georgia Bar No. 714695

999 Peachtree Street             *Counsel for Defendant Deronda*
Suite 950                                  *Brown, M.D.*
Atlanta, Georgia 30309
(404) 892-4022
nsmith@huffpowellbailey.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day served the following persons with a true and correct copy of the within and foregoing ***DEFENDANT DERONDA BROWN, MD'S BRIEF IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT*** by U.S. Postal Service standard first-class mail and via Statutory Electronic Service using the CM/ECF system to assure delivery as follows:

| | |
|---|---|
| Cager A. Maleeah<br>GDOC #1001208951<br>Coastal State Prison<br>200 Gulfstream Road<br>Garden City, GA 31418 | Paul Jay Pontrelli<br>State Law Department<br>40 Capitol Square, SW<br>Atlanta, GA 30334<br>ppontrelli@law.ga.gov |

This the 30th day of August, 2019.

HUFF, POWELL & BAILEY, LLC

*/s/ B. Nicole Smith*
_____
B. Nicole Smith
Georgia Bar No. 714695

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
nsmith@huffpowellbailey.com

*Counsel for Defendant Deronda Brown, M.D.*