# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CAGER MALEEAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-096 |
| | ) | |
| DR. BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are plaintiff's Motion to Amend, doc. 72, defendant Rivers' Motion to Dismiss, doc. 88; defendant Brown's Motion for Summary Judgment, doc. 94; defendants Darcy, Green, Terry, and Tyler's Motion for Summary Judgment; defendant Evan's Motion for Extension of Time to File a Dispositive Motion, Doc. 105; Plaintiff's Motion for Extension of Time to Respond, doc. 109; plaintiff's Motion for Preliminary Injunction, doc. 110; defendants Darcy Green, Terry, and Tyler's Motion for an Extension of Time, doc. 116; and defendant Evan's Motion for Leave to File, doc. 125. For the following reasons, plaintiff's Motion to Amend, doc. 72 is **GRANTED**. Plaintiff's Motion for Preliminary Injunction, which the Court construes as a Motion for

Preliminary Injunction and a Motion to Appoint Counsel, doc. 110, is **GRANTED IN PART AND should be DENIED IN PART**. The Court **ADMINISTRATIVELY TERMINATES** all remaining motions pending the appearance of counsel for plaintiff and the completion of a Court ordered settlement conference.

In a June 24, 2019, Report and Recommendation, doc. 70, the Court granted plaintiff the opportunity to file an amended complaint. On the same day that that R&R was entered, plaintiff filed a motion to Amend Complaint, doc. 72, to which no party filed any responses. The R&R was adopted by the assigned District Judge on July 18, 2019, doc. 78, and plaintiff timely filed a Second Amended Complaint, doc. 80. In the Second Amended Complaint, plaintiff clarifies his claims against Defendant Rivers, but also seeks to add Dr. Awe (the Court had previously dismissed plaintiff's claims against Dr. Awe for failure to state a claim). In this third iteration of his complaint against Dr. Awe, plaintiff alleges—for the first time—that Dr. Awe was aware of and specifically directed the course of treatment that resulted in his injuries. Doc. 80 at 2-3. Relying on new discovery responses from one of the defendants, plaintiff alleges that defendant Darcy notified Dr. Awe

of plaintiff's symptoms and treatments and indicated that, in her opinion, he should go to the emergency room. Doc. 60-3. Despite this recommendation, and Dr. Awe's refusal to conduct a personal examination, Dr. Awe determined that plaintiff should be returned to his cell. *Id.*

The Court previously explained that Dr. Awe should not be served with the Complaint because there were no allegations that he refused to provide treatment or provided grossly negligent treatment. Doc. 14 at 9 (analyzing claim and citing standards for deprivation of medical treatment). That has fundamentally changed now both as a result of the discovery responses and plaintiff's amended complaint.[1]

---

[1] Generally, Rule 15 allows parties to amend their pleadings once within a short time after the filing of responsive pleadings, and after that, "only with the opposing party's written consent or the Court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The thrust of Rule 15(a) is the allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nevertheless, leave to amend many be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryand v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Although plaintiff is amending his complaint to add new claims against Dr. Awe, he did it as soon as practicable after receiving information supporting Dr. Awe's subjective awareness of his serious medical needs. No party objected to his request to amend, and considering the schedule set forward in the remainder of this Order, the Court is confident that no prejudice will result from Dr. Awe's inclusion.

Accordingly, the Court concludes that plaintiff's claims against Dr. Awe are approved for service and the Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, to the Marshal for service upon defendant Awe so that he may respond.

Plaintiff has also filed a Motion for Preliminary Injunction which the Court construes as a Motion for Preliminary Injunction and a Request for Counsel. Doc. 110. Generally, plaintiff alleges that the prison at which he is housed has interfered with his in-coming legal mail, denied him access to the law library facilities, and retaliated against him. *Id.* at 6-8. To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). An "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established

the 'burden of persuasion' as to the four requisites." *Horton v. City of Augustine*, 272 F.3d 1318, 1328 (11th Cir. 2001).

As an initial matter, this case does not appear to be the proper vehicle for addressing plaintiff's complaints. As is pointed out, none of the named defendants in this case have access to, or control over, plaintiff's mail or the prison library and thus are not in a position to exert any substantive change in plaintiff's current situation. Doc. 111 at 2. Moreover, plaintiff has not established that an injunction is necessary to prevent irreparable injury. Plaintiff has repeatedly filed motions, letters, and other documents with this Court and he has not been subjected to sanction—either in the form of dismissal of his complaints or otherwise—for timeliness concerns related to the delayed nature of jailhouse mail. Rather, it appears that—despite his allegations to the contrary—he has suffered no injuries from his legal mail delays or the denial of access to the law library. Accordingly, all forms injunctive relief, including his request for a stay pending his release from prison, should be **DENIED**.

However, plaintiff does request that the Court appoint him counsel. The Court has previously denied plaintiff's requests to appoint

counsel to represent him in this case. Doc. 19, doc. 47. In that order, the Court explained in detail the contours of the right to counsel in a civil case, even one filed by a prisoner. *Id.* at 2. Both of these prior requests were filed prior to the conclusion of discovery and the filing of multiple dispositive motions in this case. After review of the motions filed in this case, and considering the recent inclusion of claims against Dr. Awe, the Court concludes that the circumstances have changed sufficiently to justify appointing plaintiff with counsel for the limited purpose of a Court-ordered settlement conference. Accordingly, plaintiff's request for the appointment of counsel is **GRANTED IN PART**.

Accordingly, the Court will appoint Mr. John E. Suthers and Mr. D. Adam Harper of the Suthers Law Firm as counsel for plaintiff for the limited purpose of a Court Ordered Settlement Conference. Once Mr. Suthers and Mr. Harper enter their limited appearance on behalf of plaintiff and counsel for Dr. Awe appears, the Court will set a status conference for purposes of examining the posture of the case and for selecting a mutually agreeable date for all parties and counsel upon which to conduct a Court Ordered Settlement Conference before the

undersigned.

In the meantime, the parties have filed numerous additional motions. The Court notes that at least one of these motions relies on Dr. Awe's determination that it was not necessary to send plaintiff to the Emergency Room. Doc. 103-1 at 5. Because the Court is granting leave to amend the complaint and adding Dr. Awe as a defendant, the Court concludes that it would be precipitous to issue any ruling on the remaining pending motions. Accordingly, those remaining pending motions are **ADMINISTRATIVELY TERMINATED** pending the appearance of Dr. Awe and the conclusion of the Court Ordered Settlement Conference. In the event that the settlement conference is unsuccessful, the Court will enter a scheduling order granting the parties sufficient time to explore the claims against Dr. Awe and to resurrect any motions which they believe should be resolved by the Court.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the

Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,* 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this 10th day of March, 2020.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA