UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CAGER A. MALEEAH,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )           CV418-096
                                     )
DR. OLATUNJI AWE, *et al.*,          )
                                     )
        Defendants.                  )

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Cager Maleeah, proceeding *pro se* and *in forma pauperis*, filed this civil rights case pursuant to 42 U.S.C. § 1983 related to his medical treatment while incarcerated at Coastal State Prison. Doc. 1. Maleeah resolved his claims against all but one of the defendants, and those defendants have been dismissed. Docs. 165 & 166. The remaining defendant, Dr. Deronda Brown, filed a Motion for Summary Judgment, doc. 170, and Maleeah opposed the motion, docs. 177, 178, 180, 184. Maleeah has also filed a Motion to Strike any reference to his "charges," doc. 179, to which Dr. Brown has responded, doc. 183.

## I.    FACTUAL BACKGROUND

During his incarceration at Coastal State Prison, Maleeah's left foot developed a severe infection. Doc. 1 at 5-13. After multiple unsuccessful

1

attempts to get treatment from the medical staff at the prison, *id.* at 5-12, he was ultimately transported to the hospital where he was treated with antibiotics and his toe was amputated, *id.* at 16-17.  He remained in the hospital for one week, after which he was transported to the infirmary unit at the prison.  *Id.* at 18.  There he remained for two months while a wound pump helped his foot to heal from the ordeal.  *Id.*

Maleeah's first contact with Dr. Brown was during his two-month stay in the infirmary after he returned from the hospital.  *Id.*, Doc. 171-3 at 99-101.  He was seen by Dr. Brown once during that time, when she examined his foot to see how it was progressing.  Doc. 171-3 at 102-103. Maleeah has no complaints about the treatment he received from Dr. Brown during this encounter.  *Id.*, Doc. 177 at 1.  He did not encounter Dr. Brown again until after he was released from the infirmary.  Doc. 171-3 at 104.

Maleeah's complaints against Dr. Brown all stem from his visit with her on November 3, 2016.[1]  Doc. 1-2 at 22.  At that time, Maleeah

---

[1] Dr. Brown did not work for Coastal Sate Prison during the time Maleeah attempted to get treatment for his infected foot.  Doc. 171-3 at 98-99.  Maleeah concedes that his nerve damage and pain is unrelated to anything Dr. Brown did or didn't do—it all stems from the lack of treatment he received for his infection. *Id.* at 109-110.  Maleeah states it succinctly in his response to Dr. Brown's summary judgment: "Plaintiff's original injuries were not caused by Dr. Brown, plaintiff has never claimed they were."  Doc. 178 at 2, para. 7.

had been discharged from the infirmary and requested a "sick call" to refill his medications and to explore other options related to ongoing pain in his left foot. Doc. 171-3 at 104-105. While he hoped to see Dr. Awe, he saw Dr. Brown instead. *Id.* During this visit, Dr. Brown listened to Maleeah's complaints, went over his medications with him, refilled his prescriptions, and discussed potential treatment options with him. *Id.* at 106-108. Maleeah, frustrated with the lingering pain in his foot, asked if further amputation would help. *Id.* at 106-107. Dr. Brown considered his request and instructed him as to why it was not a viable solution for his pain. *Id.* at 107. Dr. Brown informed him that there was nothing more that could be done for his foot. *Id.* at 108. This was consistent with Dr. Awe's conclusion—that there were no other options, above and beyond the already-prescribed medication, for his nerve pain. *Id.* at 109. He did not ask Dr. Brown for a referral to another doctor at that time. *Id.* at 117.

Not satisfied with Dr. Brown's assessment, Maleeah filed a grievance after this November 3, 2016 visit. Doc. 1-2 at 22. In that grievance he relayed Dr. Brown's opinion that "there was nothing they could do[ ]" and sought "to be treated for the complications [he was]

3

having[ ]" with his foot post-amputation.  *Id.*  He then named Dr. Brown as a defendant in this lawsuit, raising the same complaint as to her opinion that there was nothing further to be done to treat the pain in his foot.  *See* Doc. 21 at 3.  Dr. Brown moved for summary judgment, doc. 170, arguing that Maleeah's claims fail as a matter of law. S*ee* Doc. 171 at 7.  In her brief and statement of material facts, she referenced the charges that led to his incarceration, and he has filed a Motion to Strike, doc. 179, any reference to those charges.

## II.   DR. BROWN'S MOTION FOR SUMMARY JUDGMENT

### A.   Summary Judgment Standard

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the burden of establishing that there is no

genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. *See id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. *Anderson*, 477 U.S. at 257. Where the nonmovant attempts to carry this burden with nothing more "than a repetition of his conclusional allegations, summary judgment for the [movant is] not only proper but required." *Morris v. Ross*, 663 F.2d 1032, 1033-34 (11th Cir. 1981).

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party. *Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County*, 630 F.3d 1346, 1353 (11th Cir. 2011) (citing *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 616 (11th Cir. 2007)). However, "facts must be viewed in the light most favorable to the non-moving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (emphasis and citations omitted).

**B.    Section 1983 Claim**

Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983. The Eighth Amendment mandates that prison officials provide medical care

and "must take measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations and quotations omitted).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The Court cautioned, however, that not every allegation of inadequate medical treatment states a constitutional violation. *Id.* at 105. A prisoner plaintiff's mere disagreement with the medical care provided does not amount to a constitutional violation. *See McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted) ("However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'"). "Medical treatment violates the eighth amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991) (internal citation omitted).

In order to survive summary judgment on his deliberate indifference claim against Dr. Brown, Maleeah must: 1) satisfy an "objective component" by showing that he had a serious medical need; 2) satisfy a "subjective component" by showing that Dr. Brown acted with deliberate indifference to his serious medical need; and 3) show that the injury was caused by Dr. Brown's wrongful conduct. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). "A medical need is objectively serious if it has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1326 (internal citation omitted). If a prisoner satisfies this objective component, then under the subjective component he must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* at 1327.

The parties dispute whether Maleeah was suffering from a serious medical need on November 3, 2016. *Compare* doc. 171 at 8 *with* doc. 178 at 2. By that time, he had been discharged from the infirmary and was back in his cell. Doc. 171-3 at 104. However, he claims that the pain in his foot was so severe that he was willing to have another toe amputated

to attempt to stop the pain. *Id.* at 106-107. "Severe pain that is not promptly or adequately treated can…constitute a serious medical need depending on the circumstances." *Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016).

Setting aside whether the condition of his foot was severe enough to constitute an objectively serious medical need at the time of the November 2016 visit, Maleeah cannot show that Dr. Brown was deliberately indifferent to that need. It is undisputed that Dr. Brown discussed his condition with him and continued him on pain medication. Doc. 171-3 at 107. She instructed him as to why further amputation would not resolve his problems. *Id.* Maleeah was not happy to hear Dr. Brown's conclusion about the permanency of his pain, but that is not sufficient to sustain his claim. "[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir.1989); *see Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (plaintiff received "significant" medical care while in jail, and although plaintiff "may have desired different modes of treatment," care provided "did not constitute deliberate indifference"). A difference in opinion between Dr. Brown and

Maleeah as to the diagnosis or course of treatment does not support a claim of cruel and unusual punishment. *Harris*, 941 F.2d at 1505. Dr. Brown's treatment of Maleeah's pain was not "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.*

In his response to Dr. Brown's motion for summary judgment, Maleeah argues that she "should have referred [him] to a specialist and did not do it." Doc. 178 at 2. His unsupported, conclusory contention that she was even negligent, much less deliberately indifferent, by failing to send him for a third opinion is insufficient. As explained above and repeatedly applied in the Eleventh Circuit:

> A plaintiff cannot establish deliberate indifference simply by second guessing the conclusions reached by a prison medical official in the exercise of [her] medical judgment. Indeed, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

*Bismark v. Fisher*, 213 F. App'x 892, 896 (11th Cir. 2007) (per curiam); *see also Butler v. Prison Health Servs., Inc.*, 294 F. App'x 497, 499 (11th Cir. 2008) (per curiam) (same).

In sum, Plaintiff cannot meet his burden of proof that Dr. Brown was deliberately indifferent, even supposing there is a genuine dispute as to whether his pain was objectively a serious medical need, and Dr. Brown's Motion for Summary Judgment should be **GRANTED**.  Doc. 170.

## III.   PLAINTIFF'S MOTION TO STRIKE

Maleeah's Motion to Strike asks the Court to strike all comments, references, and language as to his "charge," and to prevent Dr. Brown from using these references in her argument, both for purposes of summary judgment and at trial.

A Motion to Strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure.   Under that rule, "[t]he court may strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f) (emphasis added).  A brief in support of a Motion for Summary Judgment is not a "pleading" as defined by Federal Rule of Civil Procedure 7(a), so Rule 12(f) does not apply.  *See, e.g., Harrison v. Belk, Inc.*, 748 F. App'x 936, 940 (11th Cir. 2018) ("[A] motion for summary judgment is no 'pleading' and, thus, may not be attacked by a motion to strike under Fed. R. Civ.

11

P. 12(f)." (citation omitted)).  His Motion to Strike is, therefore, **DENIED.**
Doc. 179.

Moreover, because Maleeah's claims against Dr. Brown arise from his incarceration, the charges against him are not wholly irrelevant. However, the nature of the underlying charges have no impact on this Court's determination of Dr. Brown's Motion for Summary Judgment.  As for Maleeah's request that Dr. Brown be prevented from referring to his underlying charges during any trial of this case, that issue is not ripe for resolution, and may indeed be moot if the District Judge adopts the above recommendation that Dr. Brown's motion for summary judgment be granted.  Should the case ultimately proceed to trial, Maleeah is free to file a Motion in Limine at the appropriate time to address the issue of his underlying criminal charges and guilty plea.

## IV.   CONCLUSION

Defendant Dr. Deronda Brown's Motion for Summary Judgment should be **GRANTED**.   Doc. 170.   Plaintiff's Motion to Strike is **DENIED**.  Doc. 179.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §

636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED**, this 7th day of June, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA